# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John Doe, | Case No. 25-sc-1343 (LMP/LIB) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Cristinel Coconcea, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), [Docket No. 2], and his Motion to Seal Case, [Docket No. 3].

Plaintiff, who identifies himself only as "John Doe," filed the present action in this court claiming that the defendants committed medical malpractice while treating him for a medical condition. (See Compl. [Docket No. 1]). Plaintiff requests to proceed in forma pauperis ("IFP"). [Docket No. 2].

Plaintiff also filed a Motion to Seal the Case. [Docket No. 3]. In his Motion to Seal the Case, Plaintiff asks that this case be sealed in its entirety. Although Plaintiff's Motion does not explicitly seek permission for Plaintiff to proceed under a pseudonym, Plaintiff implicitly seeks such relief as he does not provide his name or any identifying information in the documents he filed with the Court.

There is a strong presumption that documents filed with the Court will be accessible to the public. See IDT Corp. v. eBay, 709 F.3d 1220, 1222–23 (8th Cir. 2013). This presumption of public access is not absolute and information, such as personal health data, may be subject to an order to seal. See Skky, LLC v. Facebook, Inc., 191 F.Supp.3d 977, 981 (D. Minn. 2016). However, the fact that a document within a case may be subject to an order sealing said document

does not mean the action is entitled to be sealed in its entirety. See Jacam Chem. Co. 2013, LLC v. Shepard, No. 19-cv-093, 2021 WL 4942862, at *1 (D.N.D. Oct. 22, 2021) ("[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.") (quoting Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016)).

This action will not be sealed. Plaintiff's motion to seal the entire case is simply too broad. See Jacam Chem. Co. 2013, LLC, 2021 WL 4942862, at *1. Further, Plaintiff has failed to demonstrate that any presently filed document warrants sealing. Plaintiff asserts that sealing is warranted because this case will involve his medical records, but there are no such medical records currently filed in this case. There is simply no basis to seal the present case.

The Court would typically deny Plaintiff's Motion to Seal and unseal the present case. However, in his Motion, Plaintiff asserts that if his Motion to Seal is not granted, he will ask the Court to close this case. (See Plf.'s Mot. [Docket No. 3]). Accordingly, before the Court proceeds to review the present case, Plaintiff is given twenty-one (21) days to file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) if he no longer wishes to proceed in this action.

If Plaintiff does not file a notice of voluntary dismissal within twenty-one (21) days, this Court will deny Plaintiff's Motion to Seal, [Docket No. 3], thereby making this case accessible to the public, and Plaintiff will be required to identify himself. Plaintiff's Complaint, moreover, will then be subject to preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B). If Plaintiff files a notice of voluntary dismissal within the time permitted, this action will be closed, and the case will remain administratively sealed.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. If Plaintiff no longer wishes to pursue this action, he must file a notice of voluntary dismissal within twenty-one days of the date of this Order;

2. If Plaintiff files a notice of voluntary dismissal within the time permitted, this case will be closed and remain administratively sealed; and

3. If Plaintiff does not file a notice of voluntary dismissal within the time permitted, Plaintiff's Motion to Seal, [Docket No. 3], will be denied thereby making this case accessible to the public; Plaintiff will be required to identify himself; and Plaintiff's Complaint will be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: April 17, 2025               s/ Leo I. Brisbois_____
                                     Hon. Leo I. Brisbois
                                     United States Magistrate Judge